**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

INTRANSIT, INC., an Oregon
corporation, DBA UTI Transport
Solutions,

               Plaintiff - Appellee,

  v.

TRAVELERS PROPERTY AND
CASUALTY COMPANY OF AMERICA,

               Defendant - Appellant.

No. 13-35002

D.C. No. 1:11-cv-03146-CL

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding

Argued and Submitted July 8, 2014
Portland, Oregon

Before: PREGERSON, PAEZ, and WATFORD, Circuit Judges.

The district court erred in granting Intransit, Inc.'s motion for summary

judgment and denying Travelers Property and Casualty Co.'s cross-motion for

summary judgment. Under Oregon law, ambiguous terms in insurance contracts

---

     * This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

are interpreted to the benefit of the insured. *Hoffman Constr. Co. v. Fred S. James & Co.*, 836 P.2d 703, 706–07 (Or. 1992) (en banc). The district court properly concluded that the term "carrier" is ambiguous and must therefore include both fraudulent and legitimate motor transportation companies. But the district court erred by not giving the term "carrier" the same meaning when construing the policy's exclusion for carrier dishonesty. Nothing in the insurance agreement "clearly indicat[es]" an intent to define the term "carrier" differently in the coverage and exclusions provisions. *Schweigert v. Beneficial Standard Life Ins. Co.*, 282 P.2d 621, 626 (Or. 1955). Absent such a clear indication, Oregon courts presume that a term has a consistent meaning throughout an insurance contract. *See id.* at 625–26. The criminal acts of the fraudulent "carrier" that resulted in the loss are therefore subject to the exclusion. However, Intransit is entitled to recover the $50,000 provided by the "'Carrier' Dishonesty" endorsement.

In light of our holding, the district court's award of attorney's fees must be reversed. Intransit's recovery does not exceed the $50,000 tender that Travelers made prior to the suit. Intransit is therefore not entitled to attorney's fees. *See* Or. Rev. Stat. § 742.061(1).

The judgment is reversed and the case is remanded with instructions to enter judgment in favor of Intransit in the amount of $50,000.

**REVERSED AND REMANDED.**